IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-556-FL

| | | |
|---|---|---|
| CYNTHIA FELICIA WEISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 12, 14). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court rejects the M&R, grants plaintiff's motion, denies defendant's motion, and remands this case to defendant for further proceedings.

## BACKGROUND

On December 20, 2013, plaintiff filed a Title II application a period of disability and disability insurance benefits, alleging disability beginning December 19, 2013. Plaintiff subsequently amended her alleged disability onset date to May 15, 2014. The application was denied both initially and upon reconsideration. Later, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"), who, after a November 3, 2016, hearing, denied plaintiff's claims by order entered December 12, 2016. Following the ALJ's denial of her applications,

plaintiff timely filed a request for review with the Appeals Council. On September 6, 2017, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed complaint in this court seeking review of defendant's decision.

**COURT'S DISCUSSION**

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is. . .such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings. . .and to submit. . .proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 15, 2014. (Transcript of the Record ("Tr.") 23). At step two, the ALJ found that plaintiff had the following severe impairments: affective disorder, anxiety disorder, and obesity. (Tr. 23). At step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations. (Tr. 23-25).

Before proceeding to step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform medium work, with the following restrictions:

> The claimant should avoid unprotected heights and moving mechanical parts. She is able to perform[] simple, routine, repetitive tasks but not at a production pace. She is limited to making simple work related decisions; have occasional interaction with supervisors and coworkers; but can have no job-duty related contact with the public.

(Tr. 25-28).

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. (Tr. 28). At step five, the ALJ determined jobs exist in the national economy that plaintiff can perform. (Tr. 29). Thus, the ALJ concluded plaintiff was not disabled under the terms of the Social Security Act. (Tr. 29).

B.  Analysis

Plaintiff contends the ALJ erred by giving only partial weight to the opinion of her treating psychiatrist, Lance Fuller, MD ("Fuller").[1]  In the pertinent part of his opinion, the ALJ states:

> partial weight is given to the opinion of treating source, Lance Fuller, MD. The undersigned is mindful of the treating relationship with the claimant but notes that

---

[1] Plaintiff also objects that the Appeals Council failed to properly consider new medical evidence, the ALJ failed to properly evaluate plaintiff's testimony, and the ALJ failed to reconcile inconsistencies between the testimony of the vocational expert and the Dictionary of Occupational Titles. The court does not reach these objections in light of its decision to remand for further proceedings.

4

> Dr. Fuller indicated that he did not begin treating the claimant until February 2016, and that the most recent exam before he completed the form was June 2016, making the treating relationship only four months' old when the source statement was completed. Moreover, Dr. Fuller stated that he sees the claimant every one to three months. Thus, the treating relationship has not been of a very long durational period. Additionally, the form is a check box form with little analysis or explanation. Dr. Fuller's opinion that the claimant is "unable to work at this time" is based upon an issue reserved to the Commissioner and Dr. Fuller does not provide a thorough explanation as to why the claimant is "unable to work." Therefore, although Dr. Fuller is a treating acceptable medical source, only partial weight is given to his opinion.

(Tr. 27-28).

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). "Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1527(a)(2). The ALJ must weigh "the medical opinions in your case record together with the rest of the relevant evidence we receive." 20 C.F.R. § 404.1527(b). An ALJ must "evaluate every medical opinion we receive," regardless of its source. 20 C.F.R. § 404.1527(c).

"[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. "Under such circumstances,

the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178.

Where an opinion is not given controlling weight, the ALJ is responsible for assessing the weight of a medical opinion based on several factors. See 20 C.F.R. § 404.1527(c). Those factors include: 1) whether the physician has examined the applicant; 2) the treatment relationship between the physician and the applicant; 3) the supportability of the physician's opinion, 4) the consistency of the opinion with the record; 5) whether the physician is a specialist; and 6) other factors brought to defendant's attention, such as the amount of understanding of defendant's disability programs and their evidentiary requirements, and the physician's familiarity with other information in the record. See id. § 404.1527(c); Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). "An ALJ must include a narrative discussion describing how the evidence supports his explanation of the varying degrees of weight he gave to differing opinions concerning [the claimant's] conditions and limitations." Woods v. Berryhill, 888 F.3d 686, 695 (4th Cir. 2018) (internal quotation marks and citation omitted).

A review of the record shows that plaintiff was treated by her health provider Monarch from 2014 – 2015 for bipolar affective disorder and post-traumatic stress disorder. (See Tr. 342-43, 349-50, 372-73, 390-96). Plaintiff's husband, John Weiss, was not happy with the care being provided to plaintiff by Monarch, and so care of plaintiff was transferred from Monarch to Dr. Fuller, a psychiatrist, on February 22, 2016. (Tr. 419). Dr. Fuller's first day of treatment notes provide a concise summation of plaintiff's stated history of present illness, past psychiatric history, inpatient treatment, outpatient treatment, previous suicide attempts, and prior medication. (Tr. 420). That day, Dr. Fuller adjusted plaintiff's medications and recommended therapy. (Tr. 425). Dr. Fuller's

6

treatment notes also reflect a diagnosis of post-traumatic stress disorder and schizoaffective disorder, beginning February 22, 2016. (See, e.g., Tr. 418, 425).

On April 11, 2016, plaintiff reported that she had not been out much, and that she experienced feelings of persecution. (Tr. 427). Dr. Fuller adjusted plaintiff's medications and again recommended therapy. (Tr. 428). On May 9, 2016, plaintiff reported that she was not doing well in her mood or sleep, and she continued to experience auditory and visual hallucinations. (Tr. 430). Dr. Fuller again adjusted plaintiff's medications. (Tr. 431).

On June 28, 2016, Dr. Fuller again examined plaintiff. (Tr. 435). Plaintiff reported continued poor sleep, paranoia, and hallucinations. (Tr. 435). Following plaintiff's examination, Dr. Fuller summarized plaintiff's conditions in a medical impairment questionnaire. (Tr. 407-11). Consistent with his treatment notes from plaintiff's four visits, Dr. Fuller stated that he had diagnosed plaintiff with schizoaffective disorder and PTSD, based on his observations of depressed mood, illogical thinking, persistent irrational fears, appetite disturbances, delusions, hallucinations, and difficulty sleeping. (Tr. 407-08). Dr. Fuller noted the most frequent or severe symptoms were plaintiff's delusions and hallucinations. (Tr. 409). Dr. Fuller opined that Weiss had marked limitations in her ability to complete a normal workday, interact appropriately with the public, and maintain socially appropriate behavior. (Tr. 410). He also opined that Weiss had moderate to marked limitations in her ability to make simple, work-related decisions, accept instructions and respond to criticism appropriately, get along with co-workers and peers, adhere to basic standards of neatness, and respond appropriately to workplace changes. (Tr. 410). Dr. Fuller concluded that Weiss would be absent from work more than three times per month. (Tr. 411).

On September 26, 2016, Weiss reported increased hallucinations after she ran out of medication. (Tr. 438). She also noted bad dreams, difficulty leaving her house, and she no longer shopped or attended church. (Tr. 438). A mental status examination found auditory hallucinations and providers continued her medications. (Tr. 438–39).

Apart from stating that he was "mindful of the treating relationship with claimant," the ALJ does not provide any explanation as to why Dr. Fuller's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence." Craig, 76 F.3d at 590. In the absence of such explanation, the court is unable to engage in meaningful judicial review of the ALJ's decision not to afford Dr. Fuller's opinion controlling weight. See Woods, 888 F.3d at 695.

Even setting aside the ALJ's failure to discuss why Dr. Fuller's opinion is not entitled to controlling weight, the reasons the ALJ does give for assigning Dr. Fuller's opinion partial weight are not supported by substantial evidence. The ALJ gave three reasons for assigning Dr. Fuller's opinion partial weight: 1) the length of and frequency of treatment, 2) the fact that Dr. Fuller's June 28, 2016 questionnaire is a check box form, and 3) Dr. Fuller's opinion that claimant is unable to work is an issue reserved to the Commissioner. (Tr. 27-28). Each of these reasons fails to account for substantial evidence in the record which should have also informed the ALJ's decision.

Turning first to the ALJ's treatment of the length and frequency of Dr. Fuller's treating relationship, the ALJ focuses on the fact that Dr. Fuller's treating relationship was only four months old when his June 28, 2016 statement was completed. (Tr. 27). However, the ALJ does not discuss the four examinations that plaintiff had prior to Dr. Fuller giving his opinion or any of the treatment notes from those examinations. (See Tr. 27). In doing so, the ALJ failed to consider "the extent to

8

which a medical source is familiar with the other information in [plaintiff's] case record." 20 C.F.R. § 404.1527(c)(6). Dr. Fuller's treatment notes from February 22, 2016 demonstrate a working knowledge of plaintiff's prior illness and treatment history up to the point that care was transferred to him from Monarch. (See Tr. 420). Dr. Fuller's familiarity with plaintiff's personal and medical history, absent further explanation the ALJ, defeats the ALJ's assertion that Dr. Fuller's opinion was not based on a longitudinal picture of plaintiff's activities, albeit through a combination of treatment and review of prior medical history.

Next, the ALJ faults Dr. Fuller for using a check box form when he alleges has "little analysis or explanation." (Tr. 27-28). Check-box or fill-in-the-blank forms are typically considered to be weak evidence. Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993). However, they may import greater significance when their content is supported by medical records. See Garrison v. Colvin, 759 F.3d 995 (9th Cir. 2014) ("[O]pinions expressed in check-box form [by the treating source] were based on significant experience with [the claimant] and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit."); Larson v. Astrue, 615 F.3d 744, 751 (7th Cir. 2010) (substantial evidence did not support ALJ's decision to reject treating physician's "check box" opinion where the opinion was supported by clinical evidence, including the physician's own treatment notes, and was not inconsistent with other evidence in the record).

Here again, the ALJ failed to discuss Dr. Fuller's treatment notes in conjunction with the medical impairment questionnaire from June 28, 2016. Dr. Fuller's treatment notes provide the requisite color to support his opinions. For example, a close reading of the observations made in the treatment notes provides support for all the symptoms noted by Dr. Fuller that supported his

9

diagnosis. (Tr. 407-08, 420, 427, 430, 435). Therefore, the ALJ should not have summarily given partial weight to Dr. Fuller's opinions in the June 28, 2016 medical impairment questionnaire without also discussing the observations underlying that questionnaire embodied in Dr. Fuller's treatment notes.

Finally, the ALJ asserts Dr. Fuller's opinion that claimant is "unable to work at this time" is not a medical opinion because it discusses an issue reserved to the Commissioner and Dr. Fuller does not provide a thorough explanation as to why plaintiff is unable to work. (Tr. 28). The court presumes that the ALJ refers to Dr. Fuller's note dated May 9, 2016. (Tr. 413, 416). The ALJ is correct that Dr. Fuller's opinion that claimant is unable to work is not a medical opinion. See 20 C.F.R. § 404.1527(d)(1). However, "opinions from any medical source about issues reserved to the Commissioner must never be ignored, and that the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)." SSR 96-5p, 1996 WL 374183, at *3. For the reasons discussed above, the ALJ's statement that Dr. Fuller does not provide a thorough explanation as to why plaintiff is unable to work is not supported by substantial evidence.

In sum, the ALJ failed to provide a logical explanation for his decision to afford partial weight to Dr. Fuller's opinion in this case. Accordingly, remand to defendant for further proceedings is appropriate.

## CONCLUSION

Based on the foregoing, the court REJECTS the M&R. Plaintiff's motion for judgment on the pleadings is GRANTED (DE 12) and defendant's motion for the same (DE 14) is DENIED. This case is REMANDED to defendant pursuant to sentence four of § 405(g). The clerk of court is DIRECTED to close this case.

SO ORDERED this 18th day of March, 2019.


_____
LOUISE W. FLANAGAN
United States District Judge